UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT, WISCONSIN

---

A & A ENVIRONMENTAL SERVICES, INC.,
A Wisconsin business corporation,
N4381 US Highway 51
Poynette, WI 53955,

and

Ryan A. Sopha,
W8963 Hall Road
Poynette, WI 53955,

       Plaintiffs,

Vs                                                  Case No. 2020CV000803

UNITED STATES OCCUPATIONAL SAFETY
AND HEALTH ADMINISTRATION
4802 East Broadway Road
Madison, WI 53716,

and

ANN GREVENKAMP, Area Director, OSHA former director
4802 East Broadway Road
Madison, WI 53716,

CHAD GREENWOOD, Area Director OSHA
1402 Pankratz Street, Suite #114
Madison,  WI 53704,

JANE ROE AND JOHN DOE,
Unknown Federal Employees,

       Defendants.

## COMPLAINT

NOW COMES Plaintiff, A&A Environmental Services, Inc., and Ryan Sopha, by their attorneys, Kasieta Legal Group, LLC, by Robert J. Kasieta, and for their Complaint against the Defendants, allege as follows:

1. Plaintiff A&A Environmental Services, Inc., is a Wisconsin business corporation whose principal office is located at N 4381 Highway 51, Poynette, WI 53955, having as its primary address P.O. Box 708, Poynette, WI. It is engaged in remediation of asbestos, mold and other environmental contaminants.

2. Plaintiff Ryan A. Sopha is an adult resident of the State of Wisconsin.  He resides at W8963 Hall Road, Poynette, WI 53955.  He is the sole shareholder of A&A Environmental Services, Inc.

3. Defendant United States Occupational Safety and Health Administration ("OSHA") is a division of the Department of Labor of the United States.  It has the duties and powers enumerated in 29 USC Sections 651 to 678, inter alia.

4. Defendant Ann Grevenkamp is an adult resident of Wisconsin who was at all material times an Area Director of OSHA.  Her office address was 4802 East Broadway Road, Madison, WI 53716.

5. Defendant Chad Greenwood was at all material times an area director of OSHA, and as such was responsible for decisions regarding pursuing or abandoning ASHA citations.

6.  Defendant Jane Roe is an unknown employee of the United States who was at all material times employed by OSHA.

7.  Defendant John Doe is an unknown employee of the United States who at all material times was employed by OSHA.

JURISDICTION

The claims herein allege violations of the Fourteenth Amendment of Constitution of the United States.  The Court has subject matter jurisdiction over these claims by reason of 28 U.S.C. sec. 1343.  The claims herein also allege violations of the laws of the United States.  The Court has jurisdiction over those claims by reason of 28 U.S.C. sec. 1331.

FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8.  Plaintiff A&A Environmental Services, Inc., provides environmental remediation services on demolition and remodeling projects.  A&A Environmental Services, Inc., also provides removal of asbestos material from existing structures.

9.  There is another, separate business, A&A Environmental, Inc., which is a Wisconsin corporation.  A&A Environmental, Inc.  is solely owned by Kim A. Sopha, the father of Ryan A. Sopha.  A&A Environmental, Inc., is also located in Poynette, Wisconsin.

10. A&A Environmental, Inc., and A&A Environmental Services, Inc., are engaged in similar business activities. These two entities are separate businesses, having no common ownership, control, contemporaneous employees, or joint ventures.

11. On April 19, 2016, employees of A&A Environmental, Inc., were removing asbestos at the New Glarus Home, a nursing home and assisted living facility located at 600 2nd Avenue, New Glarus, WI.  A&A Environmental, Inc., was the sole contractor for that

work. All employees performing those services were employees of A&A Environmental, Inc.

12. A&A Environmental Services, Inc., had no employees on site for that job. A&A Environmental Services, Inc., was not involved in any way with the New Glarus Home project.

13. At the time of that job, A&A Environmental Services, Inc., which was formed in 2006, was inactive, had no employees, and did not have a Department of Health asbestos company license.

14. During the work at the New Glarus Home, five employees of A&A Environmental, Inc., complained of feeling sick. There was suspicion that they had been exposed to carbon monoxide.

15. On April 20, 2016, OSHA commenced what became known as Inspection 1141444 upon a report from the Village of New Glarus Police Department.

16. After almost six months investigating the incident at the New Glarus Home, OSHA issued a Citation and Notification of Penalty (the "Citation"). OSHA issued the Citation against A&A Environmental Services, Inc., not against A&A Environmental, Inc.

17. The OSHA Area Director, Defendant Ann Grevenkamp, signed the Citation. The Citation and Notice of Penalty was a 24-page document that incorporated multiple citations, one denominated as a Serious violation, and another a Willful violation. Proposed penalties for the violations were $44,180.00 for the Serious violation and $199,536.00 for the Willful violation. The two citations proposed total penalties of $243,716.00.

18. OSHA caused the Citation to be served on A&A Environmental Services, Inc., and Ryan Sopha.  The Citation was immediately a matter of public record.

19. OSHA issued a news release through its Region 5 office. In the release, OSHA accused A&A Environmental Services, Inc., of willfully exposing five employees to carbon monoxide and asbestos hazards although OSHA's own air sampling showed no asbestos detected via its own analysis. The release noted that OSHA had proposed a fine of $243,716.00.  The News Release was authorized by OSHA employees Jane Roe and John Doe.

20. The Citation called for an informal conference between OSHA and A&A Environmental Services, Inc., on November 2, 2016.  Ryan Sopha appeared at that informal conference on behalf of A&A Environmental Services, Inc.  He informed the OSHA representatives present that A&A Environmental, Inc. was the contractor that handled the New Glarus Home project. He also informed the OSHA representative that A&A Environmental Services, Inc., was not on that job.

21. Mr. Sopha provided OSHA information concerning the New Glarus Home project that the contractor (and proper citation recipient) was A&A Environmental, Inc.

22. Mr. Sopha demanded that the citation be withdrawn immediately because OSHA had no good faith basis for continuing prosecution of A&A Environmental Services, Inc. OSHA responded by indicating that OSHA would issue a second citation against A&A Environmental, Inc. but would not dismiss the citation against A&A Environmental Services, Inc.

23. Because OSHA refused to dismiss the Citation, plaintiffs were required to file a Notice of Contest on November 7, 2016.  That Notice of Contest resulted in the Citation

becoming case number 16-1903 before the Occupational Safety and Health Review Commission.  Plaintiffs were forced to retain counsel at great expense, and to continue to defend charges that were frivolous because OSHA cited the wrong company.

24. Under 28 USC sec. 658 (c), a citation must be issued within six months of the date of a violation to be timely.  Because OSHA did not schedule the enforcement conference until November 2, 2016, OSHA's delay meant that it could not issue a timely citation against A&A Environmental, Inc. To avoid losing jurisdiction over the violation, OSHA continued the Citation against A&A Environmental Services, Inc., although OSHA knew or should have known that there was no basis for continuing the prosecution against A&A Environmental Services, Inc.

25. OSHRC suspended proceedings against A&A Environmental Services, Inc., on December 16, 2016.  On January 31, 2017, the US Acting Secretary of Labor, Edward Hughler, moved to withdraw the Citation.  By that time, the OSHA had served A&A Environmental, Inc., with a second citation, which was ultimately withdrawn. OSHA sought to amend the complaint against A&A Environmental Services, Inc., to substitute A&A Environmental, Inc., on the theory that the amended complaint would relate back to the filing date of the Citation.

26. On April 12, 2017, OSHRC Judge Patrick B. Augustine denied a motion by A&A Environmental Services, Inc., that the Citation and enforcement action 16-1903 be dismissed with prejudice.  The Court did enter relief pursuant to 29 USC 659 (c) to order that all records of the enforcement action be expunged.

27. From April 19, 2016, to April 12, 2017, A&A Environmental Services, Inc., was identified in OSHA records as a Serious and Willful violator of occupational safety and

health laws.  Commencing on October 18, 2016, and extending at least until April 12, 2017, A&A Environmental Services, Inc., was identified publicly as a Serious and Willful violator of occupational safety and health regulations.

28. OSHA's press release and other information communicated by OSHA falsely accused A&A Environmental Services, Inc., of operating a construction firm without regard for human safety or life.  These allegations are the most serious that can be made against a contractor.  These allegations caused general contractors to refuse to engage A&A Environmental Services, Inc.  One contractor cancelled a contract that A&A Environmental Services, Inc., had executed before the Citation was announced, stating that the cancellation was caused by the Citation.

29. The possibility of the case being reopened continued because the case had been dismissed without prejudice.

30. OSHA could easily have determined that A&A Environmental Services, Inc., was not the proper entity involved in the New Glarus Home incident. OSHA, like anyone else, could have searched the corporate records of the Wisconsin Department of Financial Institutions at www.wdfi.org.  Those records provide information on A&A Environmental Services, Inc., for which Ryan A. Sopha is the agent, and, an A&A Environmental, Inc., for which Kim A. Sopha is the agent.

FIRST CLAIM FOR RELIEF:  VIOLATION OF THE FEDERAL TORT CLAIMS ACT BY MALICIOUS PROSECUTION BY GREVENKAMP, JANE ROE AND JOHN DOE

31. Plaintiffs reallege and reaffirm the other allegations of this Complaint as if fully set forth here.

32. On October 19, 2016, OSHA commenced an enforcement action against A&A Environmental Services, Inc. The action also implicated the personal interests of Ryan

A. Sopha because Ryan A. Sopha was the sole shareholder and principal officer of A&A Environmental Services, Inc.

33. Grevenkamp, Roe, and Doe were the federal employees and officers responsible for initiating the enforcement action against A&A Environmental Services, Inc., and Ryan A. Sopha.

34. The enforcement action commenced on October 19, 2016 was terminated in favor of A&A Environmental Services, Inc., when OSHA, Grevenkamp, Roe and Doe caused the enforcement action to be withdrawn.

35. Grevenkamp, Roe and Doe expressed malicious motives against A&A Environmental Services, Inc. and Ryan A. Sopha, which were premised on their hostility towards Kim A. Sopha, father of Ryan A. Sopha.

36. Grevenkamp, Roe, and Doe continued the enforcement action against A&A Environmental Services, Inc., after learning on November 2, 2016 that another employer, not A&A Environmental Services, Inc., had been involved in the incident giving rise to the alleged violations.

37. There was no probable cause or merit to the enforcement action from its commencement.  Grevenkamp, Roe, and Doe initiated the enforcement action on October 19, 2016, which was the last day possible for them to do so under the six-month statute of limitations applicable to violations.

38. Despite taking the maximum time available to review the merits of the enforcement action, they proceeded against an entity which had nothing to do with the alleged incident at the core of the enforcement action.

39. They could easily have determined that there were two similarly named companies with a free, quick internet search.

40. Pursuant to the Citation and Notice, Grevenkamp, Roe, and Doe met with Ryan A. Sopha and A&A Environmental Services, Inc. on November 2, 2016, for an enforcement action. At that time, it became obvious to any reasonable person in the position of Grevenkamp, Roe, and Doe that they had charged the wrong entity.

41. The Rules of Procedure of the Occupational Safety & Health Review Commission provide, at 29 CFR sec. 2200.2, that the Federal Rules of Civil Procedure apply to OSHRC proceedings in the absence of a specific provision. For that reason, Rule 11 of the Federal Rules of Civil Procedure applied to commencement and continuation of the enforcement action against A&A Environmental Services, Inc.

42. The actions and omissions of Grevenkamp, Roe, and Doe violated the requirements of Rule 11 that a party conduct a reasonable inquiry before commencing an action, and, that a party refrain from continuing an action when the party learns there is no good faith basis for continuing the proceeding.

43. The prosecution of the enforcement action against A&A Environmental Services, Inc., continued until April 12, 2017. On that date, the assigned Judge from OSHRC dismissed the enforcement action without prejudice. Although the OSHRC Judge ordered the records against A&A Environmental Services, Inc., to be expunged within 30 days, the enforcement action remained on OSHA's website for a significant amount of time after the 30-day deadline to expunge. The incorrect documents were reposted to the OSHA website on May 10, 2017, following the judge's order to expunge all such

records. The documents were removed on July 12, 2017, well beyond the time ordered by the judge.

44. From October 19, 2016, through at least June 12, 2017, A&A Environmental Services, Inc. and Ryan A. Sopha were accused of willfully endangering the life and safety of employees and committing serious violations of the OSHA.  OSHA compliance is an essential component of competent operations for an environmental contractor such as A&A Environmental Services, Inc.  The false and baseless accusations against A&A Environmental, Inc., damaged the reputation and business of A&A Environmental Services, Inc., and damaged Ryan A. Sopha's reputation and business standing as a manager of environmental remediation services.

45. The actions and omissions of Grevenkamp, Roe, and Doe caused A&A Environmental Services, Inc., to sustained damages.

46. Under the laws of Wisconsin, Grevenkamp, Roe and Doe would be liable in damages to A&A Environmental Services, Inc., and Ryan A. Sopha for malicious prosecution.

47. Grevenkamp, Roe, and Doe are liable to A&A Environmental Services, Inc., and Ryan A. Sopha for damages pursuant to 28 USC 1346 (b)(1).

SECOND CLAIM FOR RELIEF:  VIOLATION OF THE FEDERAL TORT CLAIMS ACT BY DEFAMATION COMMITTED BY GREVENKAMP, JANE ROE AND JOHN DOE

48. Plaintiffs reallege and reaffirm the foregoing allegations of their Complaint as if fully set forth here.

49. Grevenkamp, Roe, and Doe communicated allegations that A&A Environmental Services, Inc., had committed Serious and Willful violations of OSHA regulations which endangered human health and safety.  The communications included a press release.

50. Grevenkamp, Roe, and Doe were negligent in communicating information about A&A Environmental Services, Inc., between April 19, 2016, and November 2, 2016.

51. By November 2, 2016, Grevenkamp, Roe, and Doe knew that A&A Environmental Services, Inc., had nothing to do with the New Glarus Home incident of April 19, 2016, but allowed the false allegations to remain of record until April 17, 2017.

52. The false information communicated by Grevenkamp, Roe, and Doe damaged A&A Environmental Services, Inc. and Ryan A. Sopha in their business and calling.  Third parties who were aware that Ryan A. Sopha was the owner and manager of A&A Environmental Services, Inc., mistakenly believed he was accused of committing Serious and Willful OSHA violations that endangered human health.

53. Communications made by Grevenkamp, Roe, and Doe were made in the course of an official action and through press releases and communications outside the judicial process.

54. Communications made by Grevenkamp, Roe, and Doe were made with reckless disregard for the truth of the matters.

55. The actions and omissions of Defendants Grevenkamp, Roe, and Doe were a substantial factor in causing the injuries to A&A Environmental Services, Inc., and Ryan A. Sopha.

56. The actions and omissions of Defendants Grevenkamp, Roe, and Doe proximately caused A&A Environmental Services, Inc., and Ryan A. Sopha damages in an amount to be proven at trial.

THIRD CLAIM FOR RELIEF:  DENIAL OF THE EQUAL PROTECTION OF THE LAW
BY OSHA, GREVENKAMP, ROE, AND DOE

57. Plaintiffs reallege all other allegations of their Complaint as if fully set forth here.

58. A&A Environmental Services, Inc., was subjected to investigation, issuance of a citation, and continuation of enforcement powers of OSHA with no rational basis. Even after being shown information establishing that A&A Environmental Services, Inc., had nothing to do with the New Glarus Home incident, OSHA, Grevenkamp, Roe, and Doe persisted in the enforcement action.

59. Defendants' persistence in pursuing A&A Environmental Services, Inc., and Ryan A. Sopha was based on animus which OSHA, Grevenkamp, Roe and Doe possessed towards Kim A. Sopha, father of Ryan A. Sopha.

60. OSHA's initiation and continuation of enforcement action against A&A Environmental Services, Inc., and Ryan A. Sopha was not based on merits, but rather, on the deliberate purpose of OSHA, Grevenkamp, Roe, and Doe to single out A&A Environmental Services, Inc. and Ryan A. Sopha for an enforcement action that would punish, harass, and injure Kim A. Sopha, the father of Ryan A. Sopha.

61. Other persons engaged in business in Wisconsin in 2016 who had not violated the Occupational Safety and Health Act were not prosecuted by OSHA.

62. By initiating and continuing a meritless enforcement action against A&A Environmental Services, Inc., and Ryan A. Sopha, OSHA denied Plaintiffs the Equal Protection of the law as embodied in the Due Process clause of the Fifth Amendment.

63. Further, in the alternative, Plaintiffs allege that Defendants deprived Plaintiffs of Plaintiffs' rights to Equal Protection of law guaranteed in the Fourteenth Amendment.

64. OSHA's denial of Plaintiffs' rights to equal protection caused Plaintiffs damages in an amount to be proven at trial.

12

WHEREFORE, plaintiffs Demand Judgment:

    A.  For damages in an amount to be proven at trial;

    B.  For their reasonable attorneys' fees and costs;

    C.  For such other and further relief as the Court deems proper.

        KASIETA LEGAL GROUP, LLC

        electronically filed by
            Robert J. Kasieta

By:_____

        Attorney Robert J. Kasieta
        State Bar No 1000107
        559 D'Onofrio Drive Suite 222
        Madison, WI 53719
        608-662-2286
        Fax: 608-662-9977
        rjkasieta@kasieta.com