IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A&A ENVIRONMENTAL SERVICES, INC.
AND RYAN A. SOPHA,

                          Plaintiffs,

ORDER

20-cv-803-bbc

     v.

UNITED STATES OCCUPATIONAL
SAFETY AND HEALTH ADMINISTRATION,
ANN GREVENKAMP, CHAD GREENWOOD,
JANE ROE AND JOHN DOE,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendants United States Occupational Safety and Health Administration (OSHA), Ann Grevenkamp, Chad Greenwood, Jane Roe and John Doe have filed an unopposed motion pursuant to 28 U.S.C. § 2679, to substitute the United States of America as the sole defendant with respect to plaintiffs' first and second causes of action related to alleged violations of the Federal Tort Claims Act by defendants Grevenkamp, Roe and Doe. Dkt. #16. The motion will be granted.

      A suit against the United States is the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1). Scott Blader, United States Attorney for the Western District of Wisconsin, has certified that at the time of the conduct alleged in the complaint, defendants Grevenkamp and Greenwood were acting within the scope of their employment as OSHA employees. Dkt. #17. Therefore, the

1

United States is the only proper defendant with respect to plaintiffs' Federal Tort Claims Act claims.

In their third and final cause of action, plaintiffs allege that defendants OSHA, Grevenkamp, Roe and Doe violated their rights to equal protection under the Fifth Amendment. Plaintiffs do not allege an equal protection claim against defendant Greenwood. Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), authorizes a remedy for constitutional violations committed by federal actors, Engel v. Buchan, 710 F.3d 698, 703 (7th Cir. 2013), but such a claim is available only against individual employees or agents. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 483-86 (1994). Therefore, plaintiffs may not bring a Bivens claim against OSHA for the violation of their constitutional rights. Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001). Bivens claims also cannot be brought against federal employees in their official capacity. Yeadon v. Lappin, 423 Fed. Appx. 627, 629 (7th Cir. 2011).

Accordingly, the United States of America shall be substituted as the sole defendant with respect to plaintiffs' claims under the Federal Tort Claims Act (first and second causes of action). Defendants OSHA and Greenwood will be dismissed because plaintiffs have failed to state any claim against them upon which relief may be granted. Defendants Grevencamp, Roe and Doe will remain defendants in this case with respect to plaintiffs' equal protection claim (third cause of action).

ORDER

IT IS ORDERED that

1. The motion to substitute a party filed by defendants United States Occupational Safety and Health Administration (OSHA), Ann Grevenkamp, Chad Greenwood, Jane Roe and John Doe, dkt. #16, is GRANTED. The United States of America is SUBSTITUTED as the sole defendant with respect to the Federal Torts Claim Act claims of plaintiffs A&A Environmental Services, Inc. and Ryan Sopha.

2. Defendants OSHA and Greenwood are DISMISSED as defendants on the court's own motion for plaintiffs' failure to state a claim against them upon which relief may be granted. Defendants Grevencamp, Roe and Doe will remain defendants in this case with respect to plaintiffs' equal protection claim.

3. The clerk of court is directed to amend the caption accordingly.

Entered this 13th day of November, 2020.

                BY THE COURT:

                /s/

                _____
                BARBARA B. CRABB
                District Judge