IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A&A ENVIRONMENTAL SERVICES, INC. AND
RYAN A. SOPHA,

                                     OPINION AND ORDER

                   Plaintiff,

                                        20-cv-803-bbc

    v.

UNITED STATES OF AMERICA,
ANN GREVENKAMP, JANE ROE
AND JOHN DOE,

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff A&A Environmental Services, Inc. and Ryan A. Sopha filed this lawsuit against defendants United States and various officials from the United States Occupational Safety and Health Administration (OSHA), including Ann Grevenkamp, an area director of OHSA. Plaintiffs contend that defendants defamed them, engaged in malicious prosecution and violated their rights to equal protection. Defendants have filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that for several reasons, plaintiffs have failed to state a claim upon which relief may be granted. Dkt. #22. The motion will be granted and plaintiffs' claims will be dismissed.

       Plaintiffs allege the following facts in their complaint.


ALLEGATIONS OF FACT

       Plaintiff Ryan Sopha is the sole shareholder of A&A Environmental Services (A&A Services). Plaintiff Sopha's father, Kim Sopha, is the sole shareholder of A&A Environmental,

1

Inc. (A&A Environmental). Both companies provide environmental remediation services, including asbestos removal on demolition and remodeling projects, but the companies have no common ownership, control, contemporaneous employees or joint ventures.

On April 19, 2016, five A&A Environmental employees complained of feeling sick while removing asbestos from a property in New Glarus, Wisconsin. The next day, OSHA began an inspection of the work being done at the property. Plaintiff A&A Services was not involved in the project. However, on October 18, 2016, OSHA issued and served on plaintiff Sopha a citation for plaintiff A&A Services. The citation, signed by defendant Ann Grevenkamp, contained multiple citations, including serious and willful violations, with a proposed penalty of $234,716 . A&A Environmental did not receive a citation. The next day, OSHA issued a press release about the citation that named A&A Services as the cited entity and stated that workers had been sickened by carbon monoxide and asbestos exposure.

On November 2, 2016, plaintiff Sopha provided information to OSHA showing that A&A Environmental, and not plaintiff A&A Services, had been working on the New Glarus property. That same day, OSHA issued a citation to A&A Environmental alleging exactly the same violations as those inthe citation issued against A&A Services. However, the citation against A&A Environmental was untimely. To avoid losing jurisdiction over the violation, OSHA did not withdraw the original citation against A&A Services.

On November 7, 2016, plaintiff A&A Services filed a notice of contest with the Occupational Safety and Health Review Commission to challenge the citation. OSHA later amended the first citation to correctly identify A&A Environmental as the violating entity. A&A Services was dismissed without prejudice. On April 12, 2017, the ALJ ordered OSHA to correct

and expunge all internal and public records indicating that A&A Service had violated the law.

From April 19, 2016 to April 12, 2017, plaintiff A&A Services was incorrectly listed within OSHA records and in a public press release as a serious and willful violator of OSHA laws. Then, on May 10, 2017, the uncorrected press release was reposted to the OSHA website. The press release was taken down again on July 12, 2017. Being incorrectly accused of being a serious and willful violator of OSHA laws damaged plaintiffs' reputation and business.

OPINION

Plaintiffs raise three claims against defendants in their complaint: (1) malicious prosecution against the United States; (2) defamation against the United States; and (3) denial of equal protection against Grevenkamp. Plaintiffs withdrew their defamation claim in their brief responding to defendants' motion to dismiss, dkt. #25 at 12, so I will not address that claim in this opinion.

Defendants have moved for dismissal of plaintiff's remaining two claims for failure to state a claim upon which relief may be granted. In addressing defendants' arguments, the court accepts plaintiffs' well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in plaintiffs' favor. Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003). To survive a motion to dismiss under Rule 12(b)(6), plaintiffs must allege facts sufficient to state a plausible claim for relief, that is, facts that allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged. Firestone Financial Corp. v. Meyer, 796 F.3d 822, 826 (7th Cir. 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Generally, the court may not consider any evidence from outside the pleadings in deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Defendants asks the court to consider evidence outside the pleadings, including an OSHA citation, OSHA press release and an ALJ opinion. Dkt. ##22-1, 22-2, 22-3. They argue that these documents should be considered because they are referred to in plaintiff's complaint and are central to plaintiff's claims. Adams v. City of Indianapolis, 742 F.3d 720, 729 (7th Cir. 2014) (court may consider documents attached to a motion to dismiss as "part of the pleadings" if the documents are "referred to in the plaintiff's complaint and are central to [the] claim"). Plaintiffs object to the court's giving consideration to the extraneous documents.

Ultimately, it is not necessary to consider the documents submitted by defendants. A review of plaintiffs' allegations is sufficient to confirm that plaintiffs have failed to state a claim.

### A. Malicious Prosecution

Plaintiffs contend that defendants engaged in malicious prosecution by commencing an enforcement action against plaintiffs with an intent to harm plaintiffs' business and reputation. Defendants assert several reasons why plaintiffs' malicious prosecution claim should be dismissed, but I need to consider only their first argument, which is whether the claim is untimely.

Plaintiffs bring their malicious prosecution claim under the Federal Tort Claims Act (FCTA). However, the Wisconsin statute of limitations applies to FTCA claims that occurred in this state, because the FTCA expressly incorporates state substantive law, Augutis v. United States, 732 F.3d 749, 754 (7th Cir. 2013), and Wisconsin's statute of limitations is substantive,

Wenke v. Gehl, 2004 WI 103, Wis. 2d 220, 274 N.W.2d 405 (Wisconsin statutes of limitations are substantive, not procedural). See also Ledwith v. United States, No. 17-CV-894-WMC, 2020 WL 4260486, at *2 (W.D. Wis. July 24, 2020) (Wisconsin statute of limitations applies to FTCA claims that occurred in this state); Flodin v. United States, No. 13-CV-853-BBC, 2016 WL 750668, at *2 (W.D. Wis. Feb. 24, 2016) (same).

Wisconsin imposes a three-year statute of limitations on malicious prosecution claims. Wis. Stat. § 893.57 (three-year statute of limitations for intentional torts); Turner v. Sanoski, 2010 WI App 92, ¶ 12, 327 Wis. 2d 503, 508-09, 787 N.W.2d 429, 432-33 (holding that § 893.57 applies to malicious prosecution claims). According to plaintiffs' allegations, defendants issued an OSHA citation on October 18, 2016. The citation against plaintiffs was dismissed in February 2017; all internal and public records indicating that A&A Service had violated the law were ordered to be expunged on April 11, 2017; and the last press release incorrectly identifying A&A Services as a serious and willful violator of OSHA laws was taken down on July 12, 2017. Plaintiffs have identified no actions taken by defendants that could plausibly qualify as "malicious prosecution" after July 12, 2017. Thus, drawing all reasonable inferences from plaintiffs' allegations in their favor, the latest their malicious prosecution claim accrued would be July 12, 2017 (when the allegedly harmful public notice was removed). Under Wis. Stat. § 893.57, plaintiffs had until July 12, 2020 to bring their FTCA claims in federal court. Plaintiffs did not file this lawsuit until August 31, 2020, so their malicious prosecution claim is untimely.

Plaintiffs do not deny that Wis. Stat. § 893.57 applies to their claims. Their only argument is that their claims are timely under the "continuing violation" doctrine. They argue that because their businesses have continued to suffer injury as a result of defendants' actions,

their claim has not accrued for purposes of the statute of limitations. However, the "continuing violation" doctrine applies to claims premised on a continuing course of related acts that cause injury to the plaintiff. Bowen v. Labor & Indus. Review Commission, 2007 WI App 45, ¶¶ 13–16, 299 Wis. 2d 800, 813–14, 730 N.W.2d 164, 170–71. The doctrine does not save untimely claims based on allegations that an injury caused by a discrete act is ongoing. Manuel v. City of Joliet, 903 F.3d 667, 669 (7th Cir. 2018) ("Notice we speak of a continuing wrong, not of continuing harm; once the wrong ends, the claim accrues even if that wrong has caused a lingering injury."); McDonough v. WESTconsin Credit Union, No. 14-CV-705-BBC, 2015 WL 1326413, at *1 (W.D. Wis. Mar. 25, 2015) (continuing violation doctrine does not apply to situations in which a discrete act is alleged to have continuing consequences).

In this instance, plaintiffs' malicious prosecution claim is based on discrete acts taken by defendants outside the limitations period. Accordingly, it is barred by the applicable statute of limitations and must be dismissed.

### B. Equal Protection Class of One

Plaintiffs next contend that defendants violated their right to equal protection by targeting them with a malicious and irrational government enforcement action. Defendants contend that plaintiffs' equal protection claim should be dismissed because (1) the court should not imply a Bivens action for a class-of-one equal protection claim; and (2) plaintiffs' allegations are not sufficient to allege a class-of-one claim.

Plaintiffs' did not respond to defendants' argument based on Bivens. Instead, plaintiffs dismiss defendants' arguments, stating that they are not bringing a Bivens claim.

6

Dkt. #25 at 12. However, as defendants point out, a federal employee may be sued in her personal capacity for actions taken in the scope of her employment with the federal government only if the claim is entitled to an implied remedy under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1974). See Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017) In other words, plaintiffs cannot sue defendant Grevenkamp in her personal capacity unless they are suing under Bivens. Because plaintiffs did not even attempt to explain why a Bivens remedy should be implied here, they have waived any such argument. United States v. Jaimes-Jaimes, 406 F.3d 845, 847 (7th Cir. 2005).

I could dismiss plaintiffs' equal protection claim solely because they failed to refute defendants' Bivens argument. County of McHenry v. Ins. Co. of the West, 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action."); Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1042 (7th Cir. 1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."). However, it is also clear that plaintiffs' allegations do not support an equal protection claim.

To proceed on a "class-of-one" theory under the equal protection clause, plaintiffs must allege at a minimum that defendant Grevenkamp singled them out arbitrarily, without rational basis, for unequal treatment. Makhsous v. Daye, 980 F.3d 1181, 1183 (7th Cir. 2020); Fares Pawn, LLC v. Indiana Department of Financial Institutions, 755 F.3d 839, 845 (7th Cir. 2014).

In this instance, plaintiffs' allegations reveal that there was a rational basis for defendants' actions toward plaintiffs.  Plaintiffs' allegations suggest that defendant Grevenkamp mixed up two similarly named entities that engaged in the same business in the same town and were owned by individuals with the same surname.  Plaintiffs also admit that OSHA did not dismiss the citation against plaintiffs immediately upon learning of the mistake because OSHA's citation against A&A Environmental was untimely, and OSHA wanted to retain jurisdiction over the violation.  OSHA's actions might have seemed unfair to plaintiffs, but they were not irrational.  Because plaintiffs' allegations suggest a rational basis for defendants' actions, they cannot succeed on a class of one claim.  Miller v. City of Monona, 784 F.3d 1113, 1121-22 (7th Cir. 2015) ("[I]t is possible for plaintiffs to plead themselves out of court if their complaint reveals a potential rational basis for the actions of local officials."); Fares Pawn, LLC, 755 F.3d at 845 ("If we can come up with a rational basis for the challenged action, that will be the end of the matter—animus or no.").

For all of these reasons, defendants' motion to dismiss will be granted.

ORDER

IT IS ORDERED that:

1. The motion to dismiss filed by defendants United States and Ann Grevankamp, dkt. #22, is GRANTED.

2. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 29th day of March, 2021.

                                               BY THE COURT:
                                               /s/

                                               _____
                                               BARBARA B. CRABB
                                               District Judge